# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00500-CV

### In re Gary Lloyd Miller

## ORIGINAL PROCEEDING FROM TRAVIS COUNTY

## M E M O R A N D U M   O P I N I O N

Relator Gary Lloyd Miller, acting pro se, filed a letter that we have construed as a petition for writ of mandamus compelling a prison property clerk or the Director of the Texas Department of Criminal Justice to send certain confiscated items—Miller's tennis shoes, typewriter, and "legal material"—to the unit where he transferred.

Appellate courts may issue writs of mandamus only against a district judge or county judge sitting in our district, or to enforce our jurisdiction. *See* Tex. Gov't Code Ann. § 22.221(a), (b) (West 2004). Miller's petition is not directed to a district or county judge. Further, Miller has not shown that the writ is necessary to enforce our jurisdiction because he is not legally required to file any document in his pending appeal before this Court—his appellant's brief, the appellee's brief, and the clerk's record have all been filed. *See In re Garrett*, No. 07-06-00476-CV, 2006 Tex. App. LEXIS 11034, at *2 (Tex. App.—Amarillo 2006, orig. proceeding) (denying mandamus petition after concluding that inmate who complained that prison supervisor was depriving him of "indigent supplies" needed for appeal had not shown deprivation of his "right to

process his appeal" because record was not yet due and he had "no legal requirement to file any document" in his appeal at that time).

Because Miller has not shown that issuance of a writ of mandamus is necessary to enforce our jurisdiction and because his petition is not directed to a district or county judge, we lack jurisdiction to grant the requested relief. *See* Tex. Gov't Code Ann*.* § 22.221(a), (b). Accordingly, we dismiss Miller's petition for writ of mandamus for want of jurisdiction. *See* Tex. R. App. P. 52.8(a).

_____

Jeff Rose, Justice

Before Chief Justice Jones, Justices Rose and Goodwin

Filed:  August 9, 2012

2